IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES,<br><br>Plaintiff,<br><br>vs.<br><br>BRIAN JAMES DAY RIDER,<br><br>Defendant. | Cause No. CR-09-90-GF-DLC-RKS<br><br>**FINDINGS AND RECOMMENDATIONS TO REVOKE SUPERVISED RELEASE** |

## I. Synopsis

Defendant Brian Day Rider was charged with violating his conditions of supervised release by consuming alcohol and failing to comply with violent offender registration requirements. He admitted to the alcohol violation, and the government declined to pursue the alleged registration violation. Mr. Day Rider's supervised release should be revoked, and he should be sentenced to nine months

1

imprisonment with no supervised release to follow.

## II. Status

Mr. Day Rider plead guilty to Assault Resulting in Serious Bodily Injury in 2009. CD 27. The offense consisted of Mr. Day Rider attacking an acquaintance while heavily intoxicated. CD 19. He was sentenced on January 7, 2010, to 24 months incarceration, to be followed by three years supervised release. CD 34. Mr. Day Rider's supervised release was revoked on August 6, 2012, and he was re-sentenced to six months incarceration, to be followed by 24 months supervised release. CD 48. That period of supervision began January 25, 2013. CD 50.

**Petition**

The United States Probation Office filed a petition on April 4, 2013, asking the court to revoke Mr. Day Rider's supervised release. CD 50. The petition alleged that Mr. Day Rider violated Special Condition #4 of his supervised release by drinking a large amount of alcohol. The petition also alleged that Mr. Day Rider violated Special Condition #5 by changing his place of residence without informing the Pondera County Sheriff's Office. CD 50. Based on the petition, the undersigned issued a warrant for Mr. Day Rider's arrest. CD 51. The case was reassigned to the Hon. Dana L. Christensen, U.S. District Judge, and referred to the undersigned for Findings and Recommendations.

**Initial appearance**

Mr. Day Rider was arrested on April 7, 2013. CD 52. He made an initial appearance before the undersigned on April 9, 2013, in Great Falls, Montana. Mr. Day Rider was accompanied by Federal Defender R. Henry Branon, who was appointed to represent Mr. Day Rider. Assistant United States Attorney Laura Weiss represented the United States. The undersigned explained the Findings and Recommendations procedure to Mr. Day Rider, including his right to appear and allocute before Judge Christensen and the necessity of properly objecting to the Findings and Recommendations in order to preserve that right.

Mr. Day Rider stated that he had read the petition and understood the accusations. He waived a preliminary examination. Ms. Weiss asserted that Mr. Day Rider could be sentenced to as much as 24 months incarceration if his supervised release were revoked. Mr. Branom agreed.

Mr. Branom stated that Mr. Day Rider was ready to proceed immediately to a revocation hearing. Ms. Weiss was also prepared, so the revocation hearing was held at that time.

**Revocation hearing**

Mr. Day Rider appeared at the revocation hearing in Great Falls on April 9, 2013, represented by Mr. Branom. Ms. Weiss represented the United States. Mr.

Day Rider admitted that he consumed alcohol, as alleged in "Violation 1" on the petition for revocation. Mr. Day Rider denied failing to register, as alleged in "Violation 2" of the petition. Ms. Weiss said the United States would not attempt to prove Violation 2, but would seek revocation for Violation 1.

The undersigned accepted the admission and proceeded to sentencing. The undersigned calculated that Mr. Day Rider's violation grade is C, his criminal history category is I, and the underlying offense is a class C felony. Under those circumstances, the maximum sentence is 24 months incarceration, and the United States Sentencing Guidelines call for 3 to 9 months incarceration. Mr. Day Rider could be sentenced to as much as 24 months supervised release, less any incarceration time imposed. Ms. Weiss and Mr. Branom agreed with those calculations.

Mr. Branom requested a sentence of incarceration at the low end of the guideline range, with no supervised release to follow. Mr. Branom argued that a sentence at the low end was appropriate because Mr. Day Rider's violation was not violent, and Mr. Day Rider had maintained contact with his probation officer during his term of supervised release. Mr. Branom asked that no supervised release be imposed because it had proven ineffective for Mr. Day Rider.

Mr. Day Rider declined to allocute.

Ms. Weiss requested a sentence of 9 months incarceration. Ms. Weiss noted that Mr. Day Rider had previously violated his supervised release conditions, and that the current violation was based on alcohol abuse, which was also a factor in the underlying offense.

### III. Analysis

Based on Mr. Day Rider's admitted violation of his conditions of supervised release, his supervised release should be revoked. Mr. Day Rider admitted to consuming a large amount of alcohol. Mr. Day Rider's supervised release was previously revoked in part because he had consumed a large amount of alcohol. The violations are troubling not only because they are breaches of the court's trust, but because Mr. Day Rider's underlying offense – a violent assault – occurred while he was intoxicated.

Mr. Day Rider should be sentenced to 9 months incarceration, with no supervised release to follow. No circumstances warrant a departure from the guideline range. However, a sentence at the high end of the guideline range is warranted because Mr. Day Rider has previously had his supervised release revoked, Mr. Day Rider consumed a very large amount of alcohol, and the recommended sentence does not include supervised release. Supervised release should not be imposed. Neither Mr. Branom nor Ms. Weiss requested a sentence

including supervised release. The undersigned also believes that it is not appropriate in this case. While Mr. Day Rider has demonstrated a tendency to abuse alcohol, supervised release has proven ineffective in discouraging that tendency. The undersigned believes further supervision of Mr. Day Rider is a poor use of government resources.

### III. Conclusion

Mr. Day Rider was advised that the above sentence would be recommended to Judge Christensen, and reminded that he has the right to appear and allocute before Judge Christensen. The undersigned instructed Mr. Day Rider that he may object to these Findings and Recommendations within 14 days of their issuance, and must do so if he wishes to preserve his right to allocute before Judge Christensen.

The Court makes the following **FINDING:**

1. Mr. Day Rider violated Special Condition #4 of his supervised release.

The Court makes the following **RECOMMENDATION:**

1. The District Court should enter the attached Judgment, revoking Mr. Day Rider's supervised release and committing Mr. Day Rider to the custody of the United States Bureau of Prisons for a term of imprisonment of nine months.

# NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 10th day of April, 2013.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge